**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

HIRE ORDER LTD, d/b/a Afton
Arms; ROBERT W. PRIVOTT, d/b/a
Outer Bank Ammunition,

       *Plaintiffs-Appellants,*

       v.

RICHARD MARIANOS, Special Agent
in Charge, Washington Field
Division, Bureau of Alcohol,
Tobacco, Firearms & Explosives,

       *Defendant-Appellee.*

No. 11-1802

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Senior District Judge.
(1:10-cv-01464-CMH-JFA)

Argued: September 20, 2012

Decided: October 18, 2012

Before MOTZ, AGEE, and THACKER, Circuit Judges.

Affirmed by published opinion. Judge Motz wrote the opinion, in which Judge Agee and Judge Thacker joined.

## COUNSEL

**ARGUED:** Richard E. Gardiner, Fairfax, Virginia, for Appellants. Stephen Joseph Obermeier, OFFICE OF THE UNITED

STATES ATTORNEY, Alexandria, Virginia, for Appellee. **ON BRIEF:** Neil H. MacBride, United States Attorney, Anna E. Cross, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

---

## OPINION

DIANA GRIBBON MOTZ, Circuit Judge:

This case presents a challenge to Revenue Ruling 69-59, which limits the ability of federal firearms licensees to sell firearms at out-of-state gun shows. The district court granted the Government's motion to dismiss this action, finding that the statute of limitations barred it. For the reasons set forth within, we affirm the judgment of the district court.

I.

In 1969, the Alcohol, Tobacco, and Firearms Division of the Internal Revenue Service, predecessor to the current Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), issued Revenue Ruling 69-59, 1969-1 C.B. 360, 1969 WL 18703. Appellants Hire Order, Ltd, d/b/a Afton Arms ("Hire Order"), and Robert W. Privott, d/b/a Outer Bank Ammunition ("Privott"), challenge the lawfulness of Ruling 69-59.

Hire Order has held a federal license to deal in firearms from its business premises in Virginia since 2008. Privott has held a federal license to deal in firearms from his business premises in North Carolina since 2008. Hire Order and Privott allege that they have attended the Nation's Gun Show in Chantilly, Virginia. Hire Order contends that it refrained from receiving firearms at the show from Privott for transfer to non-federally licensed Virginia residents because of Revenue

Ruling 69-59. Privott, in turn, contends that he refrained from selling firearms to Hire Order at the show for transfer to non-federally licensed Virginia residents for the same reason.

Revenue Ruling 69-59 interprets the Gun Control Act, 18 U.S.C. § 921 *et seq.* (2006) ("GCA"), to prohibit federal firearms licensees from "sell[ing] firearms or ammunition at a gun show held on premises other than those covered by his license." Rev. Rul. 69-59. The Firearms Owners' Protection Act, Pub. L. No. 99-308, 100 Stat. 449 (1986) (codified as amended at 18 U.S.C. § 921 *et seq.* (2006)), amended the GCA to allow federal firearms licensees to conduct business temporarily at gun shows located *in the same state* as the business premises specified in their license. 18 U.S.C. § 923(j). But Revenue Ruling 69-59 continues to prohibit sales at out-of-state gun shows.

Hire Order and Privott bring a facial challenge to the Revenue Ruling's interpretation of the GCA, arguing that the GCA in fact permits a dealer from one state to sell firearms at a gun show in another state to a dealer from the state in which the gun show is located. The ATF[1] moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The district court granted the motion, holding, without reaching the merits of the case, that the relevant six-year statute of limitations, 28 U.S.C. § 2401(a) (2006), barred the suit.

Hire Order and Privott then sent a letter to ATF, asking that ATF amend Revenue Ruling 69-59, and soon after noted this appeal. ATF refused to amend Ruling 69-59, stating that it believed the Ruling properly interpreted the underlying stat-

---

[1]Although Hire Order and Privott brought suit against Edgar A. Domenech, who at that time served as Special Agent in Charge, ATF Washington Field Division, first William J. Hoover, and presently Richard Marianos, have since replaced Domenech in that position and, pursuant to Fed. R. App. P. 43(c)(2), the court has automatically substituted Marianos for Domenech in these proceedings.

ute. Prior to argument before us, Hire Order and Privott asked us to vacate and remand the district court's order dismissing their complaint, asserting that, given ATF's denial of their letter petition, the statute of limitations no longer barred their claims. We denied the motion.

Recognizing that we review a dismissal under Rule 12(b)(1) or (b)(6) de novo, *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010); *Columbia Gas Transmission Corp. v. Drain*, 237 F.3d 366, 369 (4th Cir. 2001), we now turn to resolution of the legal issues in this case.

## II.

In contending that the district court erred in dismissing their claim, Hire Order and Privott make no claim before us that the statute relied on by the district court, 28 U.S.C. § 2401(a), does not supply the governing limitations period here. That statute provides that: a "civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." On appeal, Hire Order and Privott maintain only that the district court erred in applying this limitations period because it assertedly misconstrued the date on which their claims accrued.

A cause of action governed by § 2401(a) accrues or begins to run at the time of "final agency action." *See Jersey Heights Neighborhood Ass'n v. Glendening*, 174 F.3d 180, 186 (4th Cir. 1999) ("Conduct becomes reviewable under the APA upon 'final agency action,' 5 U.S.C. § 704, in other words, when 'the agency has completed its decisionmaking process, and [when] the result of that process is one that will directly affect the parties.'" (quoting *Franklin v. Massachusetts*, 505 U.S. 788, 797 (1992) (internal quotation marks omitted))). When, as here, plaintiffs bring a facial challenge to an agency ruling — Hire Order and Privott do not deny theirs is a facial challenge — "the limitations period begins to run when the

agency publishes the regulation." *Dunn-McCampbell Royalty Interest, Inc. v. Nat'l Park Serv.*, 112 F.3d 1283, 1287 (5th Cir. 1997); *see also Wind River Mining Corp. v. United States*, 946 F.2d 710, 715 (9th Cir. 1991) ("[I]f the person wishes to bring a policy-based facial challenge to the government's decision, that . . . must be brought within six years of the decision."). Because the agency published Revenue Ruling 69-59 in 1969, the six-year limitations period under § 2401(a) has long since expired.

The contention of Hire Order and Privott that their cause of action did not accrue until they became federally licensed firearms dealers in 2008 utterly fails. The cases on which they rely offer no support for their position. None of those cases involve a facial challenge like the one they concededly bring here. *See Functional Music, Inc. v. FCC*, 274 F.2d 543, 546 (D.C. Cir. 1958) (indicating that the statute of limitations "does not foreclose subsequent examination of a rule where properly brought before this court *for review of further Commission action applying it*" (emphasis added)); *see also Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192 (1997); *Crown Coat Front Co. v. United States*, 386 U.S. 503 (1967); *NLRB Union v. FLRA*, 834 F.2d 191 (D.C. Cir. 1987); *Spannaus v. U.S. Dep't of Justice*, 824 F.2d 52 (D.C. Cir. 1987).

Alternatively, Hire Order and Privott contend that ATF's denial of their letter "petition" to amend Revenue Ruling 69-59 restarted the statute of limitations clock by creating new final agency action. This alternative argument is no more persuasive. The letter does not affect this appeal because Hire Order and Privott sent it *after* the district court issued its final order. Because the district court has not had an opportunity to review the impact of the letter, if any, in the first instance, we cannot decide that question here. *See* 28 U.S.C. § 1291 (2006) ("The courts of appeals . . . shall have jurisdiction of appeals

from all *final decisions* of the district courts of the United States . . . ." (emphasis added)).**²**

### III.

For the reasons set forth above, we affirm the judgment of the district court.

*AFFIRMED*

---

**²**We note that the case on which Hire Order and Privott heavily rely in making their alternative argument, *NLRB Union*, 834 F.2d at 196, may not provide as fulsome authority for their position as they suggest. In addition to being out-of-circuit dicta, the court (indeed the judge) that authored this dicta seems to have subsequently limited its application. *See Cronin v. FAA*, 73 F.3d 1126, 1131 n.3 (D.C. Cir. 1996) ("[I]t is far from clear that, in the present situation, ALPA's petition to modify the alcohol testing regulations brings this case within the reasoning of *NLRB Union*. For example, although this court permitted the NLRB Union to appeal the FLRA's response to the union's untimely petition for amendment, the opinion in NLRB Union took pains to note that such an appeal was '*the only remaining path to judicial consideration* of the substantive validity of the FLRA's regulations.' *Id.* at 197 (emphasis added). The same situation does not exist here, for ALPA and/or affected employees may challenge the legality of the regulations in an enforcement action.").