Concurring opinion filed by Circuit Judge NEWMAN.
Concurring opinion filed by Circuit Judge DYK.
PER CURIAM.
This appeal presents the question of whether a third party has the right to challenge, by way of the Administrative Procedure Act (APA), a ruling of the Patent and Trademark Office reviving a patent application that had become abandoned by failure to meet a filing schedule established by the Patent Cooperation Treaty and its implementing statute. The challengers are Exela Pharma Sciences, LLC; Exela Pharmsci, Inc.; and Exela Holdings, Inc. (collectively “Exela”). Exela petitioned the PTO to “reconsider and withdraw” its revival of the national stage application and to cancel the issued patent. The patent is United States Patent No. 6,992,218 (“the '218 patent”), assigned to SCR Pharmatop.
The PTO declined to consider Exela’s petition, stating that no law or regulation authorizes non-party challenge to a PTO ruling to accept a tardy filing. Exela then brought suit under the APA in the United States District Court for the Eastern District of Virginia, arguing that the PTO’s action was ultra vires and that Exela’s petition should have been considered and favorably decided. The PTO moved to dismiss Exela’s complaint on several grounds.
The district court initially held that Exe-la was entitled to challenge the PTO’s decision under the APA, but on reconsideration and in view of new Fourth Circuit precedent, the district court dismissed Ex-ela’s complaint for failing to meet the statute of limitations for claims filed against the United States, including APA claims.[1]
We affirm the dismissal, on the ground that PTO revival rulings are not subject to third party collateral challenge, thereby precluding review regardless of whether Exela’s claims were time-barred.
Background
Patentee SCR Pharmatop filed its initial patent application in France on June 6, 2000 and, in conformity with the Patent Cooperation Treaty (PCT), filed an international patent application identifying the United States, among others, as a designated state on June 6, 2001. The PCT implementing statute, 35 U.S.C. § 351 et seq., requires the applicant to fulfill certain United States documentary and fee requirements within 30 months after the filing of the foreign priority application, here by December 6, 2002. See 35 U.S.C. § 371(c), (d); PCT art. 22. SCR Pharma-top did not file the required materials by December 6, 2002, and consequently the United States application was deemed *1351 abandoned. On January 2, 2003 SCR Pharmatop filed a petition to revive the application, stating that the delay was “unintentional,” using the form provided by the PTO for revival requests. The PTO granted the petition on April 25, 2003. The application was duly examined, and the '218 patent issued on January 31, 2006.
In August 2011 SCR Pharmatop and exclusive sublicensee Cadence Pharmaceuticals, Inc. (collectively “Pharmatop”) sued Exela in the United States District Court for the District of Delaware for infringement of the '218 patent. The suit was brought under the Hatch-Waxman Act, 35 U.S.C. § 271(e)(2), in response to Exela’s notice and filing of an Abbreviated New Drug Application and Paragraph IV Certification relating to Pharmatop’s injectable acetaminophen-based drug Ofirmev®.
On November 30, 2011 Exela filed the subject petition in the PTO, under the APA and 37 C.F.R. §§ 1.181, 1.182, and 1.183, challenging the PTO’s revival of the patent application that led to the '218 patent. Exela argued that “unintentional” delay was not an available ground for revival of a U.S. patent application claiming priority under the PCT-implementing statute as then in effect. Exela pointed out that 35 U.S.C. § 371(d) limited the revival of such national stage applications to those in which the non-compliance was “unavoidable”:
The requirements with respect to the national fee ..., the translation ..., and the oath or declaration ... shall be complied with by the date of the commencement of the national stage or by such later time as may be fixed by the Director. ... Failure to comply with these requirements shall be regarded as abandonment of the application by the parties thereof, unless it be shown to the satisfaction of the Director that such failure to comply was unavoidable.... [2]
35 U.S.C. § 371(d) (2002). Exela argued that the PTO erred in applying its general revival regulation, 37 C.F.R. § 1.137, which provides:

Revival of abandoned application, terminated reexamination proceeding, or lapsed patent.

(a) Unavoidable. If the delay in reply by applicant or patent owner was unavoidable, a petition may be filed pursuant to this paragraph to revive an abandoned application, a reexamination proceeding ..., or a lapsed patent. A grantable petition pursuant to this paragraph must be accompanied by: ...
(b) Unintentional. If the delay in reply by applicant or patent owner was unintentional, a petition may be filed pursuant to this paragraph to revive an abandoned application, a reexamination proceeding ..., or a lapsed patent. A grantable petition pursuant to this paragraph must be accompanied by: ...
37 C.F.R. § 1.137 (2000). Exela asserted that a PTO regulation cannot override a statute, and therefore, the PTO lacked discretion to grant SCR Pharmatop’s revival petition for “unintentional” delay.
The PTO declined to consider Exela’s petition, stating that no statute or regulation authorizes third party challenge to a PTO ruling concerning revival of a patent application. See PTO letter to Exela’s counsel, February 17, 2012 (returning petition fee).
*1352 Following the PTO’s rejection of its petition, Exela filed this district court action under the APA, asking the court to compel the PTO to vacate its revival decision. The PTO moved to dismiss Exela’s complaint under Federal Rules 12(b)(1) and (6) on several grounds, including that Exela lacks standing to challenge the PTO’s revival ruling, that Exela’s APA action is time-barred, and that a PTO revival ruling is not subject to judicial review at the request of a third party challenger.
The district court initially denied the PTO’s motion to dismiss on all grounds, but while its decision was pending, the Fourth Circuit issued its decision in Hire Order, Ltd. v. Marianos, 698 F.3d 168 170 (4th Cir.2012), holding that for facial challenges to a federal regulation, the six-year limitations period of 28 U.S.C. § 2401(a) starts to accrue when the regulation is adopted. The district court, on reconsideration, observed that the regulation here at issue, 37 C.F.R. § 1.137, was adopted in 1982, and that Exela presented a facial challenge to the regulation, for it sought a declaration “regarding which standard to apply across the board.” Reconsideration Dec. at 4-6. Applying Hire Order, the district court ■ held Exela’s action time-barred by the six-year period of limitations.
This appeal followed.
Discussion
Exela argues that its complaint was improperly dismissed and that it is entitled to proceed, citing the APA’s purpose of providing remedy to any “person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute.” 5 U.S.C. § 702. Exela stresses that the dominating consideration in APA actions is the “strong presumption that Congress intends judicial review of administrative action,” Bowen v. Michigan Academy of Family Physicians, 476 U.S. 667, 670, 106 S.Ct. 2133, 90 L.Ed.2d 623 (1986). Exela states that the PTO’s action in reviving the Pharmatop application was contrary to the PCT statute, and that unless judicial review is available, an ultra vires PTO action will escape correction, thereby enabling enforcement of a patent that should not have issued.
The PTO responds that there is no authority for third parties to collaterally challenge- the correctness of PTO revival rulings. Thus the PTO contends that the merits should be decided in its favor, even if dismissal is not appropriate on limitations grounds.
Exela argues that although such third party action is not explicitly authorized by statute or regulation, it is available under the APA. Exela cites the Court’s statement in Block v. Community Nutrition Institute that “where substantial doubt about the congressional intent exists, the general presumption favoring judicial review of administrative action is controlling.” 467 U.S. 340, 350-51, 104 S.Ct. 2450, 81 L.Ed.2d 270 (1984).
We conclude that Congress did not intend to permit judicial review for challenges such as the one brought here. Whether the APA confers such a cause of action upon third parties raises a substantial question of patent law, and is renewable by this court applying Federal Circuit law. See Helfgott & Karas, P.C. v. Dickinson, 209 F.3d 1328, 1334 (Fed.Cir.2000) (holding “[T]he question of whether the Commissioner has violated the APA in applying the PCT rules and regulations, as well as its own regulations, raises a substantial question under the patent laws....”).
The question on this appeal is not whether a patent applicant may challenge *1353 a PTO revival ruling as to its application; that question was resolved in the affirmative by this court’s decision in Morganroth v. Quigg, 885 F.2d 843 (Fed.Cir.1989). The issue here is whether a third party may collaterally challenge and obtain judicial review of a PTO revival ruling concerning an unrelated patent application. The Patent Act’s “intricate scheme for administrative and judicial review of PTO patentability determinations,” and “the Patent Act’s careful framework for judicial review at the behest of particular persons through particular procedures” demonstrate that third party challenge of PTO revival rulings under the APA is not legislatively intended. Pregis Corp. v. Kappos, 700 F.3d 1348, 1357 (Fed.Cir.2012) (“[A] third party cannot sue the PTO under the APA to challenge a PTO decision to issue a patent.”).
We conclude that PTO revival actions are not subject to third party challenge under the APA. On this ground, the dismissal of the Exela complaint is affirmed.
AFFIRMED.

. Exela Pharma Sciences, LLC v. Kappos, No. 1:12-cv-469, 2012 WL 3638552 (E.D.Va. Aug. 22, 2012); Exela Pharma Sciences, LLC v. Kappos, No. 1:12-cv-469, 2012 WL 6697068 (E.D.Va. Dec. 21, 2012) (Reconsideration Decision ).

. The statute was amended, effective December 18, 2013, removing the clause stating the “unavoidable” standard.