**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-1789**

JANE WECKER HARRISON,

        Plaintiff - Appellant,

    and

CTH I CAREGIVER,

        Plaintiff,

      v.

FRED OWENS; ANDRE BAUER; KEN ARD; EUGENE A. "Andy" LAURENT;
TANA VANDERBILT; SAM DAVIS; GLENN MCCONNELL,

        Defendants - Appellees.

Appeal from the United States District Court for the District of
South Carolina, at Anderson.  Mary Geiger Lewis, District Judge.
(8:11-cv-02215-MGL)

Submitted:  June 30, 2015        Decided:  August 5, 2015

Before KING, SHEDD, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Patricia Logan Harrison, Columbia, South Carolina, for
Appellant.  William H. Davidson, II, Kenneth P. Woodington,
DAVIDSON & LINDEMANN, P.A., Columbia, South Carolina; Patrick J.

Frawley, DAVIS FRAWLEY, LLC, Lexington, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jane Wecker Harrison filed a civil complaint alleging various state officials violated her rights under 42 U.S.C. §§ 1983, 1985 (2012), and asserting state law claims of fraud and misrepresentation, intentional interference with a contract, wrongful discharge, common law conspiracy, defamation, and intentional infliction of emotional distress. In its first order, the district court granted the Lieutenant Governor defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss the complaint against them. In its second order, the district court granted the remaining defendants' motion to dismiss Harrison's intentional infliction of emotional distress claim. In its third order, the district court granted the remaining defendants' motion for summary judgment.

Harrison appeals all three orders alleging that the district court erred in (1) finding that she did not have a property interest in her license; (2) finding that she was not an "employee" for purposes of establishing a constitutional violation; (3) granting defendants qualified immunity; (4) denying her request for injunctive relief; and (5) declining to exercise supplemental jurisdiction over her remaining state law claims.

We review a dismissal under Rule 12(b)(6) de novo. Hire Order Ltd. v. Marianos, 698 F.3d 168, 170 (4th Cir. 2012). "To

3

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). We have reviewed the district court's dismissal of the Lieutenant Governor defendants from this action and find no reversible error.

We also review de novo an award of summary judgment on the basis of qualified immunity. Durham v. Horner, 690 F.3d 183, 188 (4th Cir. 2012); see Altman v. City of High Point, 330 F.3d 194, 200 (4th Cir. 2003) (noting that an appellate court reviews the district court's denial of qualified immunity de novo). Summary judgment is proper only if, taking the evidence and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party, there is no genuine dispute of material fact, and the moving party is entitled to judgment as a matter of law. Durham, 690 F.3d at 188.

To be entitled to qualified immunity, a defendant must show either (a) that his conduct did not violate the plaintiff's constitutional rights, or (b) that even if there was a constitutional violation, the right in question was not clearly established at the time that the defendant acted. Hunter v. Town of Mocksville, ___ F.3d ___, ___, 2015 WL 3651646 at *1 (4th Cir. June 15, 2015); Ridpath v. Bd. of Governors Marshall

4

Univ., 447 F.3d 292, 306 (4th Cir. 2006). The burden of proof and persuasion, with respect to a defense of qualified immunity, rests on the official asserting that defense. Meyers v. Baltimore Cty., 713 F.3d 723, 731 (4th Cir. 2013).

We have reviewed the parties' briefs, the materials submitted on appeal, and the district court's thorough and well-reasoned orders, and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. Harrison v. Owens, No. 8:11-cv-02215-MGL (D.S.C. Nov. 7, 2012; Aug. 12, 2013; July 7, 2014). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED