**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 25-1986

_____

HENRY MCMASTER, in his official capacity as Governor of the State of South
Carolina; SOUTH CAROLINA DEPARTMENT OF LABOR LICENSING AND
REGULATION,

Plaintiffs - Appellants,

v.

UNITED STATES DEPARTMENT OF LABOR; KEITH E. SONDERLING, in his
official capacity as Acting Secretary of Labor; OCCUPATIONAL SAFETY &
HEALTH ADMINISTRATION; DAVID KEELING, in his official capacity as
Assistant Secretary for Occupational Safety and Health,

Defendants - Appellees.

_____

Appeal from the United States District Court for the District of South Carolina, at
Columbia.  Sherri A. Lydon, District Judge.  (3:23-cv-01038-SAL)

_____

Argued:  May 5, 2026                                 Decided:  June 24, 2026

_____

Before NIEMEYER, GREGORY, and AGEE, Circuit Judges.

_____

Affirmed by published opinion.  Judge Gregory wrote the opinion, in which Judge Niemeyer
and Judge Agee joined.

_____

**ARGUED:**  William Grayson Lambert, OFFICE OF THE GOVERNOR OF SOUTH
CAROLINA, Columbia, South Carolina, for Appellant.  J. Kain Day, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees.  **ON BRIEF:**

Erica Wells Shedd, Deputy Legal Counsel, Tyra S. McBride, Deputy Legal Counsel, OFFICE OF THE GOVERNOR OF SOUTH CAROLINA, Columbia, South Carolina, for Appellant Henry Dargan McMaster.    Robert E. Horner, SOUTH CAROLINA DEPARTMENT OF LABOR, LICENSING & REGULATION, Columbia, South Carolina, for Appellant South Carolina Department of Labor, Licensing & Regulation. Brett A. Shumate, Assistant Attorney General, Michael S. Raab, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Jonathan Berry, Solicitor of Labor, Edmund C. Baird, Associate Solicitor for Occupational Safety and Health, Louise M. Betts, Linda Wiles, Office of the Solicitor, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C.; Bryan P. Stirling, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellees.

---

GREGORY, Circuit Judge:

When the Occupational Safety and Health Administration ("OSHA") promulgated an interim final rule in July 2016, it put South Carolina out of compliance with federal workplace safety regulations. In March 2023, South Carolina brought this suit, in part challenging the 2016 rule under the Administrative Procedure Act ("APA"). The APA challenge was brought outside of the six-year statute of limitations, and the district court correctly dismissed those claims as untimely.

I.

The Occupational Safety and Health Act requires the United States Department of Labor to administer occupational health and safety standards, but it allows states to establish their own plans subject to OSHA approval. 29 U.S.C. § 667. The state plans must meet certain requirements, including that the health and safety standards and enforcement mechanisms be "at least as effective" as OSHA's. *Id.* § 667(c)(2). For each state, OSHA issues a yearly Federal Annual Monitoring Evaluation ("FAME"), which analyzes the performance of each state plan. OSHA, U.S. Dep't of Lab., *State Plan Policies and Procedures Manual* 72 (May 6, 2020). In each FAME, OSHA flags any "new issues that occurred during the evaluation period" and issues formal "findings" that "question the final approval status of a State Plan." *Id.* at 74, G-4. If OSHA determines that a state plan is not compliant with federal law or regulations, OSHA may revoke authority for the plan or withdraw approval. 29 U.S.C. § 667(f); 29 C.F.R. §§ 1902.47-1902.53; 29 C.F.R. § 1955.4(a).

3

In July 2016, OSHA promulgated an interim final rule pursuant to a 2015 statute requiring the agency to make annual adjustments to its monetary penalties, to keep up with inflation. 81 Fed. Reg. 43430 (July 1, 2016) (effective August 1, 2016); 82 Fed. Reg. 5373 (Jan. 18, 2017) (final rule). In its interim final rule, OSHA asserted that existing state plans would have to increase their maximum and minimum penalty amounts to keep pace with OSHA's. 81 Fed. Reg. 43430, 43446 (July 1, 2016); *see also* 82 Fed. Reg. 5373, 5375 (Jan. 18, 2017) (declaring OSHA's "long-standing position" that state monetary penalties must be at least as high as OSHA's monetary penalties). Under the rule, state plans are noncompliant and risk revocation if their monetary penalties are lower than OSHA's.

South Carolina has administered and enforced its own health and safety standards for decades. *See* 37 Fed. Reg. 25,932 (Dec. 6, 1972) (initial approval); 52 Fed. Reg. 48,103 (Dec. 18, 1987) (final approval). However, when OSHA raised its monetary penalties in 2016, South Carolina did not match the increase, placing South Carolina out of compliance with the new OSHA regulations. The first post-rule FAME indicated that South Carolina had not yet increased its maximum penalties. OSHA, U.S. Dep't of Lab., *South Carolina FY 2017 Comprehensive FAME Report* 17. The subsequent three years identified South Carolina's civil penalty rates as a "[n]ew [i]ssue[]," but did not make a formal finding of noncompliance. *See* OSHA, U.S. Dep't of Lab., *South Carolina FY 2018 Follow-Up FAME Report* 6; OSHA, U.S. Dep't of Lab., *South Carolina FY 2019 Comprehensive FAME Report* 5; OSHA, U.S. Dep't of Lab., *South Carolina FY 2020 Follow-Up FAME Report* 5. Nor did OSHA issue formal findings of noncompliance for other state plans that

4

had failed to raise monetary penalties. *See, e.g.*, OSHA, U.S. Dep't of Lab., *North Carolina FY 2018 Follow-Up FAME Report* 6.

In 2022, OSHA issued a formal "finding" that South Carolina had failed to comply with federal regulations. OSHA, U.S. Dep't of Lab., *South Carolina FY 2021 Comprehensive FAME Report* 18. It recommended that South Carolina "work with [its] state authorities to complete the legislative changes" necessary to become compliant. *Id.* at 18. At approximately the same time, OSHA promulgated its 2022 inflation adjustment. 87 Fed. Reg. 2328 (Jan. 14, 2022). Also in 2022, OSHA published notice to begin revocation of Arizona's state plan, in part citing Arizona's failure to increase its monetary penalties. 87 Fed. Reg. 23783, 23786-87 (Apr. 21, 2022).

Henry McMaster, Governor of South Carolina, and the South Carolina Department of Labor, Licensing and Regulation ("Plaintiffs") brought their first suit in 2022. In that first suit, Plaintiffs challenged only OSHA's 2022 inflation adjustment, not its 2016 rule. Since the 2022 adjustment merely implemented the 2016 rule, the district court held that the 2022 adjustment was not a final agency action and therefore not reviewable under the APA.

Plaintiffs filed the complaint in this case on March 14, 2023, in part challenging OSHA's 2016 interim final rule. The United States Department of Labor and OSHA moved to dismiss the complaint, arguing that two of the eight counts—the APA claims— were untimely because they were brought outside the APA's six-year statute of limitations. Plaintiffs countered that they had not suffered an injury until OSHA issued its finding of noncompliance in 2022, and therefore the claim was timely. The district court determined that any injury Plaintiffs suffered occurred in 2016, and therefore Plaintiffs a) still face no

5

credible threat, and therefore have no standing to sue; or b) were injured in 2016, and their claims are now untimely. *McMaster v. Dep't of Lab.*, No. 3:23-cv-01038 (D.S.C. July 1, 2025). Plaintiffs appealed the dismissal of the two APA counts. This Court has jurisdiction under 28 U.S.C. § 1291.

## II.

The APA entitles persons "suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute" to "judicial review thereof." 5 U.S.C. § 702. To bring a claim under this section, a litigant must show, "at the outset of the case, that he is injured in fact by agency action." *Director, Office of Workers' Compensation Programs v. Newport News Shipbuilding & Dry Dock Co.*, 514 U.S. 122, 127 (1995).

The relevant statute of limitations provides that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a). Naturally, Plaintiffs face an uphill task in claiming that they may bring a facial challenge to a rule promulgated seven years prior to their suit.

The Supreme Court recently interpreted this statute of limitations in *Corner Post, Inc. v. Board of Governors of Federal Reserve System*, 603 U.S. 799 (2024). The Supreme Court explained that a right of action "'accrues' when the plaintiff has a complete and present cause of action—*i.e.*, when she has the right to file suit and obtain relief." *Id.* at 809. Therefore, an organization incorporated in 2017 was not time-barred from a 2021

6

challenge to an agency rule, even though the rule had been promulgated in 2010, because the new organization was not injured until it was founded.  *See id.* at 813.

Plaintiffs here claim to be in a similar position to the *Corner Post* plaintiff; they allege that OSHA's pattern of "sustained nonenforcement" caused their injury to "disappear," such that they would not have had standing to challenge OSHA's 2016 rule. Opening Br. at 15-19.  They argue that they were not truly aggrieved by agency action until OSHA presented a "credible threat" of enforcement in 2022.  *See Bryant v. Woodall*, 1 F.4th 280, 289 (4th Cir. 2021).  And if the injury giving rise to this suit did not emerge until 2022, Plaintiffs are within the statute of limitations.[1]

These arguments hold no water.  Under the plain text of the statute of limitations, an APA claim is barred "unless the complaint is filed within six years after the right of action *first accrues*."  28 U.S.C. § 2401(a) (emphasis added).  The interpretation of this provision is "straightforward."  *Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys.*, 603 U.S. 799, 804 (2024).  "A claim accrues when the plaintiff has the right to assert it in court—and in the case of the APA, that is when the plaintiff is injured by final agency action."  *Id.*

Though they were inconsistent on this point throughout their briefing, Plaintiffs acknowledged at oral argument that they were injured, and could have brought a claim, when OSHA first promulgated the rule in 2016.[2]  Oral Arg. Tr. 9:16-9:20 ("The first

---

[1] Plaintiffs expressly disclaim any equitable tolling argument based on their 2022 suit, which was dismissed.

[2] Plaintiffs suggest that if we reject their theory of second injury, the clock should not start in July 2016, with the publication of the interim final rule, but instead in January (Continued)

credible threat that arose was from the rule's publication."). This tracks with longstanding caselaw that permits pre-enforcement review of agency action, s*ee Abbott Labs. v. Gardner*, 387 U.S. 136, 140 (1967), and is fatal to Plaintiffs' convoluted theory invoking a second injury.

Even if the threat of OSHA enforcement expired, that would not erase the reality that the cause of action had first accrued in 2016. But it is unclear why the threat would have expired, a mere six years after the rule was promulgated. *See Poe v. Ullman*, 367 U.S. 497, 501–02 (1961) (no immediate threat when Connecticut law had been enforced once in eighty-two years); *Doe v. Duling*, 782 F.2d 1202, 1204–07 (no immediate threat from criminal law of which violations were common but there had been no convictions in the prior hundred years); *Doe v. Bolton*, 410 U.S. 179, 188 (1973) (credible threat exists from laws that are "recent and not moribund"). Since Plaintiffs could have brought suit on July 1, 2016 challenging the interim final rule, they were required to bring their claims by July 1, 2022. *See Hire Order Ltd. v. Marianos*, 698 F.3d 168, 170 (4th Cir. 2012) (explaining that the statute of limitations begins to run on the date the agency publishes the regulation, not the date the regulation becomes effective), *abrogated on other grounds*, *Corner Post*, 603 U.S. at 806–07, 813.

Ruling against Plaintiffs here does not prevent them from raising their substantive claims as a defense against any enforcement action. Regulated parties "may always assail a regulation as exceeding the agency's statutory authority in enforcement proceedings

---

2017, when the final rule was published. For the purposes of this case, it makes no difference, because the instant case was brought more than six years after both dates.

against them." *Corner Post*, 603 U.S. at 823 (quoting *Herr v. U.S. Forest Service*, 803 F.3d 809, 821–22 (6th Cir. 2015)).  Plaintiffs are not doing that here—they wish to bring a pre-enforcement, facial challenge to the 2016 rule on the grounds that they believe enforcement is now imminent.  But the 2022 finding is not the initiation of an enforcement proceeding.  It is merely the basis upon which an enforcement proceeding could be initiated.  If that enforcement proceeding occurs, Plaintiffs may argue in that context that OSHA has exceeded its authority with the 2016 rule, but under the terms of 28 U.S.C. § 2401(a), they have forfeited their chance to bring a pre-enforcement challenge.

III.

For the foregoing reasons, the judgment of the district court is

*AFFIRMED*.

9